UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

MILTON GONGORA PINEDA,

v.  Case No.  8:04-cr-84-T-24TGW
     8:06-cv-1315-T-24TGW

UNITED STATES OF AMERICA.

_____/

### ORDER

On June 20, 2006, Defendant Pineda signed a motion to vacate, set aside, or correct an allegedly illegal sentence pursuant to 28 U.S.C. § 2255. (Doc. cv-1; cr-327). On that same date, he signed a motion for transcripts. (Doc. cv-2; cr-326). The motion to vacate was filed in this Court on July 14, 2006.

Motion To Vacate Is Time-Barred

Pineda pled guilty to conspiracy to possess with intent to distribute five kilograms of cocaine while on board a vessel subject to the jurisdiction of the United States, in violation of 46 U.S.C. §§ 1903(g) and (j). (Doc. cr-124 [Judgment]). On July 22, 2004, the court sentenced Pineda to 135 months incarceration. Judgment was entered that day.

Pineda appealed the conviction and sentence. On March 14, 2005, the United States Court of Appeals for the Eleventh Circuit granted the Government's motion to dismiss the appeal "due to a valid appeal waiver contained in Appellant [Pineda's] plead agreement." (Doc. cr-283).

DISCUSSION

Because review "of the motion and the file and records of the case conclusively show that the defendant is entitled to no relief," the Court will not cause notice thereof to be served upon the United States Attorney but shall proceed to address the matter. See 28 U.S.C. § 2255.

On April 24, 1996, a substantial amendment to 28 U.S.C. § 2255 became effective. That amendment, § 105 of the Antiterrorism and Effective Death Penalty Act of 1995 ("AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214, established a one-year "period of limitation" for the filing of a § 2255 motion, to run from the latest of: 1) the date on which the judgment of conviction becomes final; 2) the date any unconstitutional government impediment, if any, precluding the movant from making a motion is removed; 3) the date on which the right asserted was initially recognized by the United States Supreme Court; or 4) the date on which the facts supporting the claim could have been discovered through the exercise of due diligence. 28 U.S.C. § 2255, as amended by Pub. L. No. 104-132, Title 1, § 105 (Apr. 24, 1996).

For final judgments entered after the effective date of the AEDPA, or April 24, 1996, as in this case, the statute of limitations begins to run on the date the district court's judgment becomes final. A conviction becomes "final" when the Supreme Court has denied certiorari. United States v. Simmonds, 111 F.3d 737, 744 (10th Cir. 1997); United States v. Dorsey, 988 F.Supp. 917, 919 (D. Md. 1998) ("In this case, this means that Dorsey had one year from October 7, 1996, -- the date on which the Supreme Court denied certiorari, in which to file his 2255 motion.").

Since Pineda did not file a petition for writ of certiorari, the judgment became "final"

when the possibility of further direct appellate review was exhausted, 90 days from March 14, 2005. That date was June 12, 2005. Therefore, Pineda had until June 13, 2006, to file his section 2255 motion. See Kaufmann v. United States, 282 F.3d 1336, 1338 (11th Cir.) (when prisoner does not petition for certiorari, conviction does not become "final" for purposes of section 2255 until expiration of 90-day period for seeking certiorari). Pineda did not sign the present motion to vacate until June 20, 2006. Therefore, the 28 U.S.C. § 2255 motion to vacate is time-barred.

Pineda has not presented any exceptional circumstances for tolling the one-year limitations period.

Accordingly, the court orders:

1. That Pineda's motion for transcripts (Doc. cv-2; cr-326) is denied.

2. That Pineda's motion to vacate, set aside, or correct an allegedly illegal sentence (Doc. cv-1; cr-327) is denied, with prejudice, as time-barred. The Clerk is directed to enter judgment against Pineda in the civil case and to close that case.

IT IS FURTHER ORDERED that defendant is not entitled to a certificate of appealability. A prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition. 28 U.S.C. § 2253(c)(1). Rather, a district court must first issue a certificate of appealability (COA). Id. "A [COA] may issue ⋯ only if the applicant has made a substantial showing of the denial of a constitutional right." Id. at § 2253(c)(2). To make such a showing, defendant "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," Tennard v. Dretke, 542 U.S. 274, 282 (2004) (quoting Slack v. McDaniel, 529 U.S. 473, 484 (2000)), or that "the issues presented were 'adequate to deserve encouragement to

proceed further, ' " <u>Miller-El v. Cockrell</u>, 537 U.S. 322, 335-36 (2003) (quoting <u>Barefoot v. Estelle</u>, 463 U.S. 880, 893 n. 4 (1983)). Defendant has not made the requisite showing in these circumstances.

 Finally, because Defendant is not entitled to a certificate of appealability, he is not entitled to appeal in forma pauperis.

 ORDERED at Tampa, Florida, on July 19, 2006.

                 SUSAN C. BUCKLEW
                 United States District Judge

AUSA: Anthony Porcelli

Milton Gongora Pineda, Pro se